**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ALEXANDER JIGGETTS,

   Petitioner,

   v.

STATE OF MARYLAND,

   Respondent.

Civil Action No.: ELH-21-185

**MEMORANDUM**

The above entitled action was filed by Alexander Jiggetts on January 19, 2021, under 42 U.S.C. § 1983 and as a "Writ For Habeas Corpus Bail Review." ECF 1. It has been construed as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] Jiggetts also submitted a copy of the "Application For Statement of Charges," filed in the District Court for Baltimore City on October 4, 2020. ECF 1-1. Jiggetts, who is self represented, is currently confined at Spring Grove Hospital Center, because he was found not competent to stand trial on charges that he violated a protective order. ECF 1.[2]

Jiggetts recounts the circumstances of his arrest, which allegedly involved a conflict with his elderly mother. ECF 1 at 3. He asserts that his mother is very active, despite her age, and that she tried to stab him during an argument. Although that altercation was deescalated by the police, Jiggetts was later told by the police that he had to leave his parents' home because of a peace order

---

[1] In case ELH-21-187, filed by Jiggetts on January 22, 2021, he also asserts a claim under 42 U.S.C. § 1983. Therefore, to the extent that this case raises a § 1983 claim, it is duplicative of case ELH-21-187. As a result, I shall consider Jiggetts' § 1983 claim in the context of case ELH-21-187.

[2] Jiggetts did not pay the filing fee, nor did he file an in forma pauperis motion. He has not satisfied the requirements of 28 U.S.C. § 1915.

that Jiggetts claims is fraudulent. *Id*. at 4. He complains that his public defender said he was not competent to stand trial after an "evaluator" had told him that he was competent. *Id*. at 6. Further, he claims that his mother has friends in the State government and "her problem is she is a coward and hates Muslims." *Id*. He invites this court to talk to his mother's family to verify that none of the women like "their men to leave" and that is why, after Jiggetts left her home, she had the police arrest him. *Id*.

Jiggetts explains that he had a court date in Baltimore City, where he had the right to counsel, and that he was assigned the same public defender for Spring Grove Hospital, "who hates [him] and is [his] political foe." ECF 1 at 1. He insists that he is competent to stand trial and asserts that he does not need to be civilly committed to Spring Grove. *Id*. He adds that his arrest was in violation of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution. *Id*. at 2.

Petitioner claims that when he was arrested for violation of a protective order, he could not get bail, and there were riots at Central Booking. *Id*. Further, he claims that he has received two different diagnoses from two different doctors. *Id*. As relief, Jiggetts asks for assistance from the United States Attorney in pressing criminal charges against his mother and asks for an application to do so. *Id*. at 8.

To the extent that Jiggetts intended his pleading to be a challenge to the validity of his confinement to Spring Grove Hospital, he fails to demonstrate a cognizable basis for this court's intervention. Jiggetts is currently committed to the custody of the Maryland Department of Health because he is not competent to stand trial by virtue of a mental illness. Although Jiggetts appears to invite this court to second guess the legitimacy of that finding, this court must decline the invitation.

Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

As a person committed to a mental health facility, Jiggetts has a right under Maryland law to file a petition for writ of habeas corpus in a state circuit court located in the county where he resides or where the facility is located. *See* Md. Code, Health Gen. Art., § 10-804; *see also* Md. Code, Cts & Jud. Proc. Article, § 3-704. Moreover, under Maryland law, a criminal defendant may appeal an incompetency determination. *See Jolley v. State*, 282 Md. 353, 356, 384 A.2d 91, 93-94 (1978).

There is no indication that Jiggetts has challenged his commitment order in State court. Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). The claim that Jiggetts is illegally confined may be litigated in a Maryland court, without harm to plaintiff's constitutional rights.

To the extent that Jiggetts is seeking a writ of mandamus requiring the United States Attorney's office to pursue criminal charges against his mother or any other person he believes has wronged him, the claim fares no better. In order to be entitled to a writ of mandamus, a petitioner must establish that an "officer or employee of the United States or any agency" owes him a duty. 28 U.S.C. § 1361. Mandamus does not apply to the discretionary functions of a government official.

As an alleged victim of a crime, Jiggetts has no standing to insist upon criminal prosecution of another. *Sattler v. Johnson*, 857 F.2d 224 (4th Cir. 1988); *see also Nat'l Ass'n of Gov't Emps. v. Fed. Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993) (failure to show any of the prerequisites for mandamus relief defeats a district court's jurisdiction under 28 U.S.C. § 1361). The United States Attorney's decision to seek an indictment or to initiate an investigation into information provided by Petitioner is discretionary. *Massey v. Smith*, 555 F.2d 1355 (8th Cir. 1977). This court may not interfere with the United States Attorney's exercise of discretion in deciding whether to seek an indictment or to launch a criminal investigation. *Inmates of Attica Corr. Fac. v. Rockefeller*, 477 F.2d 375, 379-82 (2d Cir. 1973).

Because no jurisdictional basis for this court's involvement in any of the matters raised can be discerned from the pleading filed, the petition shall be dismissed by separate Order, which follows.

<u>January 28, 2021</u>                               <u>        /s/                        </u>
Date                                                        Ellen L. Hollander
                                                            United States District Judge